ALICE PRESTON, GUARDIAN,

*vs.*

HOLLIS REED.

Kennebec.    Opinion, November 8, 1945.

*Udell Bramson*, for the plaintiff.

*Sidney W. Wenick*, for the defendant.

SITTING: THAXTER, HUDSON, MANSER, MURCHIE, JJ., AND CHAPMAN, ACTIVE RETIRED JUSTICE.

MANSER, J. The plaintiff brought writ of error in the Kennebec Superior Court to reverse or correct a decree of divorce granted in that Court to Hollis Reed from Abigail Reed in April 1942. The errors assigned were that the wife, Abigail, has been continuously insane since long before the divorce proceedings were instituted; that she had no guardian at the time and no guardian ad litem was appointed for her; that she was not represented at the hearing and that the decree was obtained by a fraud upon the Court.

A motion to dismiss was filed upon the ground that a writ of error is not the proper proceeding to obtain the result sought. The motion was granted, and the case comes forward upon exceptions. The only question, therefore, is whether the particular form of action will lie.

Redress of wrong to an individual, and condemnation of fraud upon the Court itself, are attributes of justice, and it would be a travesty to hold that there was no remedy. We agree with the vigorous expression of the Court in *Leach* v. *Marsh*, 47 Me., 548, 74 Am. Dec., 503, that, if the plaintiff takes judgment against an insane person without the suggestion of insanity to the Court, or notice to guardian, he must do

so at his peril. As said in forceful language in *Holmes* v. *Holmes,* 63 Me., 420:

> "Shall fraud be skilful enough to impose a sham upon a court of justice, to the injury of innocent persons, without any adequate remedy or reparation therefor?
>
> We are not willing to concede it."

With regard to the position of the plaintiff, it is observed that no specific provision is found in the divorce statute, R. S. 1944, C. 153, §§55-69, as to the method of procedure to be used to annul or vacate a divorce decree, although there is as to annulment of marriages, R. S., C. 153, §52; and that while the propriety of a writ of error for such purpose was questioned in *Prescott* v. *Prescott,* 59 Me., 146, yet the Court proceeded to decide the case upon its merits.

R. S., C. 116, §1, provides that:

> "Writs of error in civil cases may issue out of the supreme judicial court or the superior court in vacation or term time, returnable to the same court."

The form of the writ is prescribed in §7 of this Act, and provides for the allegation that in the former process, proceedings and judgment

> "there occurred the errors hereinafter specified, by which the present plaintiff was injured, and for which he therefor seeks that said judgment may be reversed, recalled or corrected, as law and justice require; that is to say, the following errors: "

It has been uniformly held in Massachusetts, which has a statute relating to writs of error quite similar to our own, that

such statute covers the whole subject in the way intended by the legislature. Other provisions of the common law, including such as are remedial in nature, are thereby superseded. *Commonwealth* v. *Phelan*, 271 Mass., 21, 171 N. E., 53; *Commonwealth* v. *Rollins*, 242 Mass., 427, 136 N. E., 360; *School Comm. of Lowell* v. *Mayor of Lowell*, 265 Mass., 353, 164 N. E., 91. Also, in *Atkinson* v. *Bank*, 85 Me., 368, 27 A., 255, 256, the Court, after referring to the common law procedure, says:

> "Under our system of procedure in Maine, the original writ of error and all the special writs of certiorari and also the special assignments of errors are dispensed with."

Under both the common law and statutory writ of error, if errors in law are assigned, only the record in the former proceedings is admissible to determine such error. *Nissenbaum* v. *State*, 135 Me., 393, 197 A., 915. If the plaintiff's claim was based upon an error of law therefore, the writ would obviously be unavailing, as the record of the divorce proceeding would not disclose the incapacity of the libelee therein, the want of notice and would not indicate the need for appointment of a guardian ad litem. The plaintiff, in error, may, however, assign errors of fact, though not disclosed by the record, and offer proof of the same, provided they do not contradict the record. *Daggett* v. *Chase*, 29 Me., 360; *Jewell* v. *Brown*, 33 Me., 250; *Paul* v. *Hussey*, 35 Me., 97; *McArthur* v. *Starrett*, 43 Me., 345; *Weston* v. *Palmer*, 51 Me., 73; *Denison* v. *Portland Co.*, 60 Me., 519.

The contention of the defendant is that a divorce proceeding is not a civil action, and is not in accordance with the common law, but is ecclesiastical in its origin. In the case of *Prescott* v. *Prescott*, supra, the Court pointed out that

> "The proceedings for a divorce, in some of the States,

are by a bill in equity. In others they are by libel or peti-
tion. In England they are in the ecclesiastical courts.
Error only lies where the proceedings are according to
the course of the common law."

Our statute, R. S., 116, §9, provides:

"The proceedings upon writs of error, not herein pro-
vided for, shall be according to the common law as
modified by the practice and usage in the state, and the
general rules of court."

The course of the common law as to writs of error does not
appear to have been changed by any practice or usage in the
State, or by any of the general rules of Court. Instead, since
the pronouncement of the Court in *Prescott* v. *Prescott*, supra,
the uniform usage and practice in this State under circum-
stances such as exist here, has been to petition the Court
which granted the divorce for an annulment thereof.

In *Holmes* v. *Holmes*, supra, decided three years after *Pres-
cott* v. *Prescott*, a petition, and not a writ of error, was brought
to annul a decree of divorce for fraud. The Court pointed out
the distinction between this and other suggested remedies as
follows:

"A new trial is not asked for. If this motion prevails,
none can be had. It cuts deeper than that. It seeks to
nullify a previous proceeding. To use the forcible phrase
of the respondent's counsel, 'it wipes out a record,' it
proceeds upon the ground that no trial has been had;
and that the record of the trial is no better than it would
be, if there had been no notice or order of notice to the
libellee. It is not a motion to review or reverse, but to
vacate a judgment, on account of a fraud practiced
upon the court, injurious to a party who has not been

heard. It is not pretended that, under this motion, an error of the court could be corrected, or that there could be any remedy for false testimony given at the trial on the merits of the cause. But the court can determine that an apparent and not a real jurisdiction was obtained by fraud, and that a decree made without legal notice in pursuance of it shall be null and void."

Again, in *Lord* v. *Lord*, 66 Me., 265, in which the petitioner asked for a review and for annulment of the divorce, the Court said:

"The petitioner does not ask for a re-trial of the original libel upon the merits, and also that the proceedings of divorce be annulled. He evidently does not use the word review in the technical sense of a new trial under the statutes pertaining to review, but in the sense of a re-hearing or re-examination, as incidental to his motion to set the decree wholly aside as having been obtained by fraud."

See also *Hills* v. *Hills*, 76 Me., 486; *Spinney* v. *Spinney*, 87 Me., 484, 32 A., 1019, in which the petition is set out at length; *Leathers* v. *Stewart*, 108 Me., 96; 79 A., 16; and the recent case of *Magri* v. *Magri*, 141 Me., ——, 42 A. (2d.) 213.

The statute as to writs of error makes them applicable in civil cases, and although there is found in *Sullivan* v. *Sullivan*, 92 Me., 84, 42 A., 230, a statement that:

"A suit for a divorce is a civil suit.",

yet this had reference only to the distinction in evidential rules applicable to civil and criminal cases. Clarification is found in *Simpson* v. *Simpson*, 119 Me., 14, 109 A., 254, in the declaration that,

"While proceedings in divorce are civil in their nature as distinguished from criminal, yet they are ecclesiastical in their origin, are regulated entirely by statute, and cannot be classed as civil actions or cases."

And again, the Court, speaking as to divorce actions, said in *Henderson* v. *Henderson*, 64 Me., 419:

"All the power vested in the court for this purpose is found in the statutes. ...

The court, deriving its authority upon this subject solely from the statutes, must be governed by them."

Where, as here, the issue is solely whether writ of error is maintainable to seek the annulment of a decree of divorce, the ruling must perforce be that a divorce action is not a civil case in the sense used in the statute regarding writs of error, that it is not according to the course of the common law as modified by any practice or usage in this State, and is not recognized by any rules of court. That a remedy exists and is open to the plaintiff, cannot be gainsaid.

The legal contention raised by the defendant in the instant proceedings must be upheld.

*Exceptions overruled.*