**Allan L. ROBBINS, Warden, Maine State Prison, Appellant,**

v.

**George F. GREEN, Petitioner, Appellee.**

**No. 4879.**

United States Court of Appeals First Circuit.

Heard Dec. 7, 1954.

Decided Dec. 21, 1954.

Roger A. Putnam, Asst. Atty. Gen., with whom Alexander A. LaFleur, Atty. Gen., was on the brief, for appellant.

Milton A. Nixon and Chapman, Beyer, Nixon & Earles, Portland, Maine, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

This is an appeal by the warden of Maine State Prison from an order of the district court entered July 16, 1954, in a habeas corpus proceeding discharging appellee George F. Green from confinement in said prison pursuant to a superior court judgment of conviction on May 17, 1949, of the crime of uttering a forged instrument. The district judge signed a certificate of probable cause for appeal, as required by 28 U.S.C. § 2253.

Undismayed by a long succession of rebuffs, Green has during the period of his imprisonment been indefatigable in seeking his release on habeas corpus, by numerous petitions submitted to judges of the State, which have generally been rejected, without a hearing, by a simple order of denial unaccompanied by any opinion or explanation, and by numerous petitions submitted to various federal judges.

Petitioner alleges in the petition now before us that the State court judgment of conviction, and the mittimus issued to the warden pursuant thereto, are void under the due process clause of the Fourteenth Amendment on two grounds: (1) "that, he was ordered to trial on a three hour notice and that he did not have adequate time and opportunity to consult with his attorney to prepare his defense"; and (2) "that, after the jury brought in its verdict of guilty, the Court proceeded at once to impose sentence upon him without waiting for his counsel to return to the courtroom, and when he did return he found that your petitioner had been taken to prison."

To show compliance with the requirement of 28 U.S.C. § 2254 as to exhaustion of State remedies, petitioner sets forth that he had previously submitted to Hon. Frank A. Tirrell, Jr., an Associate Justice of the Supreme Judicial Court of Maine, a petition for a writ of habeas corpus dated January 13, 1954, setting forth the same two grounds for release; that immediately upon receipt of the said petition Justice Tirrell wrote to petitioner stating: "The petition is denied and the writ as prayed for is refused. The docket entry has been made accordingly"; that petitioner, because of his poverty, cannot obtain a review by the full bench of the Supreme Judicial Court of Justice Tirrell's order of denial, since "he is unable to bear the costs of prosecuting a bill of exceptions as prescribed by the State Statutes and the rules of Court", the State affording no alternative procedure in forma pauperis.

Respondent warden moved the district court to dismiss the petition for lack of jurisdiction on the ground that "the petition does not show that the petitioner has exhausted the remedies available in the Courts of the State of Maine as is required by Title 28, United States Code, Sec. 2254." This motion to dismiss was denied by the district court. 120 F.Supp. 61. After a full trial on the merits, the district court found the facts against petitioner as relating to the charge that he had been rushed to trial without adequate opportunity to consult with counsel and prepare his defense, but found the facts in favor of petitioner in respect of the second ground for relief, viz., that the trial court had imposed sentence of imprisonment upon Green immediately upon the return of the verdict of guilty, in the absence of counsel for the convicted man. As a conclusion of law, the district court ruled that Green's resulting detention was unlawful under the due process requirements of the Fourteenth Amendment, citing Martin v. United States, 5 Cir., 1950, 182 F.2d 225, 227, 20 A.L.R.

2d 1236, certiorari denied, 1950, 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647.

Accordingly the district judge at first ordered that the petition be retained on the docket of the court without disposition until further order of court, "in order to provide the State a reasonable opportunity to take such steps as are appropriate to correct the error in the sentence as found by this Court." 120 F.Supp. at page 67. It having become apparent after the lapse of a reasonable time that the State authorities were either unwilling or unable to correct the error by bringing the prisoner before the trial court for resentence in the presence of his counsel, the district court finally entered the order now on appeal discharging petitioner.

On this appeal the warden presents no question as to the correctness of the district court's findings of fact and conclusion of law on the merits, but relies upon a single alleged error, viz., that the district court erred in denying his motion to dismiss the habeas corpus proceeding for want of jurisdiction. Therefore in the present posture of the case we may take it that Green was entitled to release from an unlawful confinement, but that, according to appellant's contention, this release should have been accomplished by action of the State courts rather than by order of the federal district court.

From the transcript of the oral argument in support of the motion to dismiss, we gather that respondent's contention in the district court was that Green invoked the wrong remedy in his application to Justice Tirrell; that instead of proceeding by way of a petition for a writ of habeas corpus he should have sought review of the validity of his confinement by way of the statutory writ of error described in Ch. 116 of Maine Rev.Stat. (1944). This is evident by respondent's reliance upon the case of Preston v. Reed, 1945, 141 Me. 386, 44 A.2d 685, which case quotes and relies upon the various statutory provisions for the writ of error. This was apparently the understanding of the district judge, for he concluded that issues raised by a statutory writ of error must be determined on the record of the proceedings in question, citing Welch v. State of Maine, 1921, 120 Me. 294, 113 A. 737, and Smith v. State of Maine, 1950, 145 Me. 313, 75 A.2d 538; and therefore that this type of proceeding would do Green no good since the allegations raised by his petition admittedly did not appear on the record.

Now in his brief on appeal appellant concedes the correctness of the district court's conclusion that the statutory writ of error is not a proper remedy, since, as appellant states, "that writ of error lies only for errors apparent on the face of the record." Perhaps as an afterthought, inspired by a reading of United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, appellant now suggests that the proper State remedy was by way of the ancient common law writ of error *coram nobis*, issued out of the court which tried Green, to revise and correct its judgment of conviction. This old common law writ is not mentioned in the Maine statutes, and appellant admits that up to January, 1954, when Green presented to Justice Tirrell his petition for a writ of habeas corpus, *coram nobis* had never been used in the State of Maine to obtain release from confinement pursuant to an allegedly void judgment of conviction of crime. On the other hand, in the unreported case of Carroll v. State of Maine, a local *cause celebre* in 1950, Justice Beliveau, then a judge of the Superior Court, and now an Associate Justice of the Supreme Judicial Court of Maine, entertained a petition for a writ of habeas corpus, and ordered the petitioner to be discharged, on the ground that he had been convicted of murder in violation of his constitutional rights under the Fourteenth Amendment. It is of course conceivable that some time in the future the Supreme Judicial Court of Maine may revive the ancient common law writ of error *coram nobis* and hold that it is an available procedure for challenging the validity of a judgment of conviction under circumstances like

the present case. We are not aware of anything in the jurisprudence of that court to foreshadow such a development; but if it should come to pass, the writ of habeas corpus might still remain as an alternative corrective process. Cf. Wade v. Mayo, 1948, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647. Of course the federal courts cannot complain of the failure of Justice Tirrell to give any explanation of his bare order denying the petition for a writ of habeas corpus; but the State court judge can hardly take it amiss if the federal courts should decline to infer, from his simple order of denial, that he must have intended to rule that habeas corpus was not the proper local remedy and to introduce into the law of Maine the procedural innovation of a common law writ of error *coram nobis* as the only available corrective process.

■ Under the circumstances, we are content to accept the conclusion of the district judge that "Green proceeded properly in the State Court by bringing a petition for a writ of habeas corpus", particularly so, because Judge Clifford has had long experience in the practice of law at the Maine bar.

■ Also, it is clear that Green, having applied to Justice Tirrell and been denied, has proceeded as far as he can in the Maine courts in view of his poverty. 28 U.S.C. § 2254 provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

Green cannot obtain a review by the Supreme Judicial Court of Justice Tirrell's order of denial because of his financial inability to bear the costs of prosecuting a bill of exceptions. The record contains a letter from the Chief Justice of the Supreme Judicial Court to Green dated April 8, 1953, relative to an effort by Green to obtain review by that court of an order denying an earlier petition for habeas corpus, in which letter the Chief Justice states: "At present there are no provisions allowing proceedings before the Law Court in forma pauperis. The rules of court relative to the filing of records and briefs apply to all persons alike." The existence of this financial road-block is conceded by appellant. We have no doubt that this constitutes a circumstance "rendering such process [i. e., a theoretical right to review by the Supreme Judical Court] ineffective to protect the rights of the prisoner" within the meaning of 28 U.S.C. § 2254, as was held by Judge Woodbury in Green v. State of Maine, D.C.1953, 113 F.Supp. 253, 255. See O'Brien v. Lindsey, 1 Cir., 1953, 204 F.2d 359, 363–364. See also Lindsey v. Commonwealth of Massachusetts, 331 Mass. 1, 116 N.E.2d 691, and our final disposition of the Lindsey case, 1 Cir., 1954, 210 F.2d 953.

■ There comes a point where federal judges in discharge of their present statutory duty are obliged to give a hearing to a convicted state prisoner petitioning for a writ of habeas corpus, however delicate and distasteful the performance of this duty may be—otherwise the petitioner may justifiably have the impression that he is being treated to a grand "run-around" between the state and federal courts. We think such a point was reached in this case. It is apparent from the recital in the opinion by the district court, 120 F.Supp. at pages 62–63, that the various federal judges to whom Green had presented earlier petitions for habeas corpus leaned over backwards, so to speak, in order to comply with the spirit of the policy embodied in 28 U.S.C. § 2254 requiring prior exhaustion of State remedies. Finally Green presented to a State court judge a petition, stripped of all the mass of irrelevances which had cluttered up his previous petitions, and stating in clean-cut and unequivocal fashion **two**

allegations of fact, that, if true, would obviously involve serious questions of violation of constitutional right. When Green could not get a hearing on this petition in the State courts, the federal court had to give him one.

The order of the District Court is affirmed.