FRANK E. SOUTHARD, JR.
*vs.*
CAMDEN NATIONAL BANK

Kennebec.   Opinion, January 19, 1956.

*McLean, Southard & Hunt,* for plaintiff.

*Gilbert Harmon,*
*C. S. Roberts,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

FELLOWS, C. J.   This was an action on the case, heard by the presiding justice of the Superior Court for Kennebec County upon agreed facts, and judgment rendered for the plaintiff in the sum of $297.69 with interest in the sum of $39.59. The case now comes to the Law Court on defendant's exceptions.

The agreed facts are, in substance, that one Robert Jacobson had on deposit in the Camden National Bank on March 13, 1948 in a checking account, the sum of $297.69. One

Loren Bennett brought trustee process in the Superior Court for Knox County against Jacobson, with the Camden National Bank as alleged trustee. Jacobson made a check for $297.69 on April 23, 1948 and gave it to the plaintiff Southard, who endorsed it, and presented it to the defendant bank for payment. The check was accepted by the bank, with an agreement in writing made by the bank's cashier, dated April 23, 1948, as follows: "Received of Frank E. Southard Jr. left for collection Check #549 drawn by Robert Jacobson For to be paid when Trusteeship is lifted open check a/c."

The trustee process was dismissed for lack of jurisdiction on May 7, 1948. The trusteeship therefore was "lifted." In fact, there never was a legal process. A second trustee process was commenced on May 7, 1948 and served on the bank, but no service was made on Jacobson. This action was dismissed in November, 1949. Again it was "lifted." The defendant bank still did not pay, as it had agreed.

Bennett then brought another action against Jacobson by trustee process, by writ dated May 20, 1949. This action was returnable to the Rockland Municipal Court, instead of the Superior Court as previously, and the Municipal Court "on suggestion" that Jacobson "was not an inhabitant and had no tenant, agent, or attorney," ordered service on the defendant Jacobson by publication in the Camden Herald. Judgment was rendered in the Municipal Court on July 10, 1950 and execution issued on July 17, 1950, "by mistake," without bond being filed. Revised Statutes 1954, Chapter 113, Sections 5, 6 and 7.

The bank made no disclosure in either process (March 13, 1948 and May 7, 1948) in the Superior Court. The bank paid on the Municipal Court execution, issued "by mistake," the sum of $297.69 on July 25, 1950. Jacobson subsequently

brought action for review against Bennett, securing judgment on November 9, 1951.

The defendant bank received on April 23, 1948 the check for $297.69, made by Jacobson and endorsed by the plaintiff Southard, and the bank promised to pay the amount of the check to the plaintiff "when trusteeship is lifted." On May 7, 1948 the trustee action was dismissed for lack of jurisdiction. It was then "lifted" if it had existed before. The amount of the check should then have been paid by the bank to the plaintiff. The bank, however, did not pay the plaintiff as it had promised.

On May 12, 1948 the cashier of the bank sent the check, which the bank promised to pay when "trusteeship lifted," to the plaintiff, because he said it was not "feasible to hold it." On May 15, 1948 the plaintiff sent the check back to the bank, and the bank acknowledged the return of the check and held the check in its possession.

Another trustee process was served on the bank on May 7, 1948 but no service made against the principal Jacobson. The bank filed no disclosure. This second trustee action was dismissed at the November 1949 term of the Superior Court. Again was "trusteeship lifted" and the bank did not pay. No trustee disclosure was filed. The bank should have paid on May 7, 1948 according to its agreement, and filed disclosure in the later case stating that no money was in its hands, and the reason therefor.

By writ dated May 20, 1949 Bennett brought his third trustee writ, and this time in the Municipal Court. There was no affidavit or other proof to permit service by publication. *Hutchins* v. *Hutchins,* 136 Me. 513; *Leathers* v. *Stewart,* 108 Me. 96; *Spinney* v. *Spinney,* 87 Me. 484, and issuing of execution by "mistake" and without bond *Davis* v. *Stevens,* 57 Me. 593, 599. See Revised Statutes 1954, Chap. 113,

Sec. 7. We do not pass upon the questionable validity of this judgment, because in our view whatever was done in Municipal Court is not material. The liability of the bank became established on or before May 7, 1948. In any event, judgment was on December 14, 1951 rendered in review of the Municipal Court action in Knox County Superior Court in favor of *Robert Jacobson* v. *Loren Bennett* for $306.66.

The Law Court has no authority to disturb a decision of a presiding justice unless he has made an error of law or unless he had no credible evidence to sustain his findings.

The justice presiding was certainly not in error here. We cannot understand how he could do otherwise than to render judgment for the plaintiff under the promise, made by the bank, to pay the check when "trusteeship is lifted." The entry must be

*Exceptions overruled.*