UNITED STATES of America ex rel. Richard P. THOMPSON.

v.

Angelo C. CAVELL, Warden, Western State Penitentiary, Pittsburgh, Pennsylvania.

Civ. A. No. 15876.

United States District Court
W. D. Pennsylvania.

Sept. 19, 1957.

Paul A. Wescott, Pittsburgh, Pa., for petitioner.

Herbert Johnston, Jr., Dist. Atty., Erie County, R. V. Scarpetti, Asst. Dist. Atty., Erie County, Erie, for respondent.

MARSH, District Judge.

In 1950, six indictments for burglary were returned against the relator in Erie County.

The indictment at No. 209 May Sessions 1950 was tried by a jury and resulted in a conviction. The Hon. Burton R. Laub, P. J., presided. At this trial, relator was represented by Attorney Franklin B. Hosbach. By orders of court, sentence was deferred until the third Monday in November, 1950.

The indictments at No. 138 and No. 139 September Sessions, 1950, were tried by a jury and also resulted in convictions.[1] The Hon. Elmer L. Evans presided. At this trial, relator was represented by Attorney Jesse S. Juliante, Sr., who relator alleges was appointed to defend him.

For reasons undisclosed in the record, defendant was not sentenced until December 21, 1950. On that day, Judges Laub and Evans sat together to sentence relator on the three indictments. At No. 209 May Sessions 1950, Judge Laub sentenced him to the penitentiary for not less than 5 years nor more than 10 years, which sentence is within the statutory limit prescribed by the Pennsylvania Legislature for burglary.[2] At No. 138 May Sessions, 1950 Judge Evans imposed a 1 to 2 year sentence, and at No. 139 May Sessions, 1950, a 2 to 4 year sentence; both to run concurrently with the sentence at No. 209.

Attorney Juliante appeared with relator at the time all three sentences were imposed. Attorney Hosbach did not appear.

Relator contends here that he was not accorded due process pursuant to the Federal Constitution (1) because he was sentenced at No. 209 May Sessions, 1950, in the absence of his chosen trial counsel whom he believes was not notified by the court or otherwise of the time fixed for sentence, and (2) because a county official misrepresented relator's prior criminal record to the judges while they were considering their respective sentences. Relator claims that the severity of Judge Laub's sentence resulted from this false representation.[3]

This court appointed counsel for relator and subsequently issued a rule on the Commonwealth to show cause why a hearing should not be held as prayed for. An answer was filed and the pertinent court records were produced. From these it appears that since his conviction, relator has filed four petitions for a writ of habeas corpus in the Court of Common Pleas of Erie County. All these petitions were dismissed. From only one dismissal—that at No. 190 November Term, 1956,—did relator appeal to the Superior and Supreme Courts of Pennsylvania, and these appeals were not allowed because relator was unable to pay the filing fees.[4] His petition for certiorari to the Supreme Court of the United States was denied, Thompson v. Cavell, 353 U.S. 960, 77 S.Ct. 868, 1 L.Ed.2d 911. It is argued that since relator did not

1. No disposition has been made of three indictments, viz.: Nos. 135, 136 and 137 September Sessions, 1950. See "Criminal Cases under the Name of Richard Thompson in Erie County, Penna."

2. The maximum sentence is 20 years. See Act of June 24, 1939, P.L. 872, Sec. 901, 18 P.S. § 4901.

3. Relator also contends here that a confession used at the trial was obtained from him by the police after prolonged questioning and threats. This reason being advanced for the first time in this court cannot be considered; relator is required to exhaust his remedies on that ground in the state courts, which he has not done. See United States ex rel. Ackerman v. Commonwealth of Pa., 3 Cir., 1956, 235 F.2d 958.

4. Petition to appeal in forma pauperis to the Superior Court of Pennsylvania was denied at No. 275 Miscellaneous Docket (Nov. 23, 1956); and petition to the Supreme Court of Pennsylvania was denied at No. 2099 Miscellaneous Docket (Dec. 18, 1956).

prosecute his appeals in the appellate courts of Pennsylvania, he failed to exhaust his state remedies. On this particular issue we shall assume, without deciding the point, that relator has exhausted his state remedies. Cf. Marcial v. Fay, 2 Cir., 1957, 247 F.2d 662.

The habeas corpus petition at No. 19C November Term, 1956, from the dismissal of which relator attempted to appeal, contained averments that relator's chosen counsel was not notified by the state authorities of the time fixed for sentencing relator on the indictment at No. 209 May Sessions, 1950, but this petition does not aver that relator's prior criminal record was misrepresented by a state official while the judge was considering the sentence.[5]

It does appear in one of the prior habeas corpus petitions—No. 115 May Term, 1954—that relator did complain specifically that his prior criminal record had been misrepresented by state authorities. Judge Evans, to whom that petition was presented, dismissed it without a hearing, but relator failed to appeal therefrom to the state appellate courts or to the United States Supreme Court.

■ Hence it is clear that relator has failed to exhaust his state remedies on the vital issue of whether or not the state's prosecuting authorities presented, or caused to be presented, a false criminal record in the absence of his unnotified counsel.

■ A federal court does not have jurisdiction to entertain a claim for habeas corpus that has not been presented to the state court and pursued by appeal or certiorari through its appellate tribunals, including the United States Supreme Court. Darr v. Burford, 339 U. S. 200, 70 S.Ct. 587, 94 L.Ed. 761; United States ex rel. Ackerman v. Com-

monwealth of Pa., 3 Cir., 1956, 235 F.2d 958.

This rule takes on special significance in this case because the habeas corpus petition at No. 190 November Term, 1956, was presented for disposition to Judge Laub, the judge who imposed the sentence on indictment No. 209 of which relator complains. It can hardly be gainsaid that the sentencing judge, had he been put on notice by the petition of the alleged falsification, is the judge best qualified not only to determine the truth of that averment of fact, but also, if affirmatively established, the influence it had upon his judgment. If he should find that relator had been overreached by the prosecuting authorities, a resentence might properly be ordered. See Green v. Robbins, D.C.S.D.Me.1954, 120 F.Supp. 61, affirmed 1 Cir., 1954, 218 F.2d 192; cf Townsend v. Burke, 1948, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690.

■ Thus, the only federal question before this court upon which relator has presumably exhausted his state remedies and upon which he grounds his claim of fundamental unfairness, is that his chosen counsel, Mr. Hosbach, was absent at the time sentence was imposed and this absence was due to the failure of the state authorities to notify him of the time.[6]

On that question then, from the records and relator's allegations, this court is of the opinion that he was accorded due process and that his petition should be dismissed without a hearing. Indeed, in that respect, the petition discloses no semblance of a substantial claim of any violation of the essential elements of justice.

The relator's second amended petition in this court affirmatively discloses that he was represented at the time of sentencing by appointed counsel, Mr. Juli-

---

5. Relator did not allege misrepresentation of his criminal record in the federal court until ordered to make factual specifications. See his second amended petition.

6. It is noted that Mr. Hosbach having died subsequent to the sentence, is not now available to testify on this issue.

ante.[7] There is no allegation that this lawyer was incompetent or in collusion with the prosecution. Mr. Juliante is known to this court to be a reputable lawyer of wide experience. Neither is there any allegation that relator or Mr. Juliante requested the presence of Mr. Hosbach or objected to the imposition of sentence on indictment No. 209 in his absence. It is to be presumed that relator was invited to make a statement before sentence in accordance with established custom and rule in both state and federal courts. There is no averment to the contrary.

■ It is not an element of justice that trial counsel and no other must be present at sentence. Indeed, a defendant may waive his right to any counsel if the waiver is competent, intelligent and voluntary. Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S:Ct. 236, 87 L.Ed. 268. We think waiver of Mr. Hosbach's presence at sentence may be conclusively implied from the fact appearing in relator's petition that he appeared for sentence with other counsel, especially in absence of protest or objection.

Mr. Juliante had defended relator at the trial of two similar indictments,— Nos. 138 and 139—before Judge Evans, and his duty toward and his interest in protecting the relator was identical to that of absent counsel. If relator was apprehensive or dissatisfied he should have then and there requested the presence of Mr. Hosbach instead of letting Judge Laub believe he was content with, or had substituted, Mr. Juliante.

■ Since relator's amended petition shows he was in fact represented by counsel when sentence was pronounced, we are unable to see how he was denied due process solely because of the state's alleged failure to notify Mr. Hosbach of the time of sentence. It is well settled that state prisoners must make a showing that a claim of violation of their constitutional rights has some color of sub-

stance to it. "The federal courts should not interfere where there is no semblance of a substantial claim." United States ex rel. Lowery v. Murphy, 2 Cir., 1957, 245 F.2d 751, 752, citing Bute v. People of State of Ill., 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

Accordingly an order will be entered discharging the rule and dismissing the petition.

7. It appears in Judge Laub's opinion that he believed relator had dismissed Mr. Hosbach and substituted Mr. Juliante.