Ralph W. TUTTLE

v.

Allen L. ROBBINS, Warden, Maine
State Prison.

Civ. No. 6-31.

United States District Court
D. Maine, S. D.

April 2, 1959.

Ralph W. Tuttle, pro se.

GIGNOUX, District Judge.

Upon consideration of the above-entitled petition for a writ of habeas corpus dated March 3, 1959 and presented to me by Ralph W. Tuttle on March 17, 1959, pursuant to 28 U.S.C. § 2242, the petition having been accompanied by an affidavit of poverty, in which the petitioner states that he is without funds and unable to pay the customary fees and costs as provided by law.

Leave is hereby granted Ralph W. Tuttle to proceed *in forma pauperis* upon said petition, and the Clerk of this Court is hereby ordered to file said petition without payment of fees.

Petitioner is a prisoner in the Maine State Prison pursuant to judgment of conviction by the Maine Superior Court of the crime of cheating by false pretenses.

The petition and accompanying papers allege that the petitioner is being deprived of his Constitutional rights by state incarceration inasmuch as he was "kidnapped" by Maine authorities and taken "by force of arms illegally" from New Hampshire to Maine for trial on the charge for which he stands convicted.

The petition indicates that habeas corpus was sought on the same grounds by this petitioner in the Superior Court of the State of Maine; that, after full hearing at which petitioner was present with counsel of his own choice, his petition was denied on January 28, 1959; and that on February 17, 1959, petitioner was denied leave to proceed *in forma pauperis* to prosecute exceptions to the state denial of his petition for habeas corpus, the court order stating that "there is *no* provision whereby the petitioner-exceptor may proceed *in forma pauperis* for the prosecution of his exceptions." (Emphasis supplied.)

Since petitioner apparently grounds his attack upon a lack of jurisdiction in the Maine Court which tried him, habeas corpus was the proper state corrective process for petitioner to have employed. Dwyer v. State of Maine, 1956, 151 Me. 382, 387, 120 A.2d 276. It is patent that because petitioner is indigent he cannot now obtain a review by the Supreme Judicial Court of Maine of the order denying his state petition for habeas corpus. He has thus sufficiently exhausted his state remedies within the meaning of 28 U.S.C. § 2254. Robbins v. Green, 1 Cir., 1954, 218 F.2d 192.

The Court, therefore, proceeds to a consideration of the petition on the merits. The sole ground alleged for issuance of the writ is forceful and illegal transportation into Maine for trial. Such a charge, even if substantiated, could afford no basis for relief to petitioner. Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

Since it thus "appears from the application that the applicant * * * is not entitled * * *" to the writ, 28 U.S. C. § 2243,

It is ordered that the petition be, and it is hereby,

Denied.