GIGNOUX, District Judge.

Upon consideration of the above-entitled petition for a writ of habeas corpus dated April 13, 1961, which was presented to the Honorable Peter Woodbury, Chief Judge, United States Court of Appeals for the First Circuit, pursuant to 28 U.S.C. § 2242, and transferred by Chief Judge Woodbury to this Court for hearing and determination under the authority of 28 U.S.C. § 2241(b), the petition having been accompanied by an affidavit of poverty, in which the petitioner states that he is without funds and unable to pay the customary fees and costs as provided by law,

Leave is hereby granted George Haynes to proceed *in forma pauperis* upon said petition, and the Clerk of this Court is hereby ordered to file said petition without payment of fees.

Petitioner is a prisoner in the Maine State Prison at Thomaston, Maine, pursuant to a judgment of conviction of the crime of threatening by communication at the September, 1959 Term of the Penobscot County, Maine, Superior Court. Petitioner alleges the denial of various federal constitutional rights in the state court criminal proceedings which resulted in his conviction and sentence. He also alleges that he has pre-

George **HAYNES**, Petitioner,

v.

Allan L. **ROBBINS**, Warden.

No. 7–5.

United States District Court
D. Maine, S. D.
May 17, 1961.

sented his allegations to various Maine courts in coram nobis and habeas corpus proceedings, all of which have been denied, and that he is unable to appeal to the Supreme Judicial Court of the State of Maine because of his inability to pay the necessary fees. He contends that he is effectively barred from obtaining a hearing in the Supreme Judicial Court of Maine because of his status as a pauper, and has therefore exhausted the remedies available to him in the courts of the state as required by 28 U.S.C. § 2254. See Robbins v. Green, 1 Cir., 1954, 218 F.2d 192, 195.

■ To date, there has not been any provision allowing appeals *in forma pauperis* to the Supreme Judicial Court of Maine in habeas corpus or coram nobis proceedings. See Maine R.Civ.P. 75(a) and (b), 81(a) and (b). Compare Maine R.Crim.P. 15. However, I have no doubt that in view of the very recent decision of the United States Supreme Court in Smith v. Bennett, 81 S.Ct. 895, the Supreme Judicial Court of Maine may wish to reconsider its rules in this regard. Having in mind the mandate of 28 U.S.C. § 2254 that a federal court should not interfere with the administration of state criminal justice until the highest court of the state has had an opportunity to review the proceedings in the courts below, see Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, I have concluded that this is a proper case in which I should retain jurisdiction of the present petition for a reasonable period of time in order to enable petitioner to file with the Supreme Judicial Court of Maine a motion for leave to appeal *in forma pauperis* in any post-conviction proceedings either pending or to be instituted by him in the Maine courts, and to provide the Supreme Judicial Court of Maine with an opportunity to reconsider its rules with respect to *in forma pauperis* appeals in habeas corpus and coram nobis proceedings in light of Smith v. Bennett, supra. Cf. United States v. Cavell, D.C.W.D.Pa.1958, 162 F.Supp. 319, 322–324.

It is, therefore, ordered that the present petition for a writ of habeas corpus be retained on the docket of this Court without disposition until further order of the Court, for which petitioner should apply.

Dated at Portland, Maine, this 17th day of May, 1961.