LOUIS F. ABT *v.* RALPH H. WALKER.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 6, 1939—decided January 3, 1940.

*Alfonse C. Fasano,* for the appellant (plaintiff).

*Otto J. Saur,* assistant state's attorney, with whom, on the brief, was *Lorin W. Willis,* state's attorney, for the appellee (defendant).

MALTBIE, C. J. The plaintiff, on September 27, 1933, having been charged on an information in three counts with obtaining money under false pretenses and found guilty, was sentenced "for a period of not exceeding three years as a maximum term and not less than two years as a minimum term in the Connecticut State Prison at Wethersfield on the first count; and for a period of not less than two years on the second count; and for a period of not less than two years on the third count." Having served the maximum term of the sentence upon the first count,

he brought the present proceeding claiming that he is now being detained in prison without warrant of law.

Section 6507 of the General Statutes provides that when any person shall be sentenced to the state prison otherwise than for life or for a capital offense, "the court imposing the sentence shall establish a maximum and minimum term for which such convict may be held in such prison, . . . provided, in case a person shall be sentenced to the state prison for two or more separate offenses and the term of imprisonment for a second or further term shall be ordered to begin at the expiration of the first and each succeeding term of sentence named in the warrant of commitment, the court imposing such sentence shall name no minimum term of imprisonment except for the first sentence, and the several maximum terms shall . . . be construed as one continuous term of imprisonment." Under § 6509 of the General Statutes, 1939 Sup. § 1470e, a prisoner in state prison having served his minimum sentence is eligible to parole. No separate sentence to the prison can be made for a fixed period but must be indeterminate. *State* v. *McGuire,* 84 Conn. 470, 478, 80 Atl. 761; *Leifert* v. *Turkington,* 115 Conn. 600, 603, 162 Atl. 842. If sentences upon two or more counts in an information are to run concurrently, each must fix a minimum and a maximum term. Where, therefore, a minimum and a maximum are fixed under one count and only one period under the other counts, the necessary implication is that the terms are to run consecutively. "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." *United States* v. *Daugherty,* 269 U. S. 360, 363, 46 Sup. Ct. 156; see cases in note, 70 A. L. R. 1515. There can be no reasonable question that the trial court intended that

sentences should be consecutive. The fact that it did not expressly make an order to this effect is a formal defect which could not invalidate or change the effect of the sentences under the law.

The trial court, in fixing sentences under the second and third counts, should have named a definite period or designated the term as not more than a certain number of years. It did, in each instance, impose sentences of "not less than" two years. The effect was to fix a minimum term without any maximum on these two counts. This it had no power to do, and it left the period of possible confinement under the second and third counts entirely indefinite. While no doubt this was a mere inadvertence, the sentences stand as the judgment of the court. They did not have the requisite degree of certainty, were invalid and afford no warrant for confining the plaintiff after the expiration of the maximum sentence on the first count.

There is error, the judgment is set aside and the case remanded with direction to enter judgment for the plaintiff.

In this opinion the other judges concurred.