## JACK SARAULLA
*vs.*
## RALPH H. WALKER, WARDEN

Superior Court          Hartford County          File No. 73024

MEMORANDUM FILED MARCH 13, 1945.

*Jack Saraulla, pro se.*

INGLIS, J.  This is an application for a writ of habeas corpus.  The applicant was sentenced in Fairfield County on October 26, 1932, "for a period of not exceeding ten years, as a maximum term, and not less than five years as a minimum term....on the first count; and one year on each of the second, third and fourth counts."  He was paroled on July 8, 1937.  He violated his parole and on August 11, 1938, a request was issued to the authorities in New York, where he was under arrest, for his return.  On December 2, 1938, in the County Court for Bronx County, New York, he was sentenced for

from seven to fourteen years in state's prison. In imposing that sentence the court stated that it had notified the Connecticut authorities that it thought that that time was sufficient to cover everything that he, the applicant, had done during his life, that the punishment being given him was sufficient to cover the balance of the time in Connecticut, and that it was requesting the Connecticut authorities "to take our punishment into consideration and to consider that it includes their time." He was returned to Connecticut on October 15, 1943, and has been confined in state prison ever since.

On this application he makes two contentions. The first is that the sentence imposed in Fairfield County must be construed as imposing concurrent sentences because the court did not specify that the terms should be consecutive. A sentence imposed on successive counts in the form of the sentence in this case must be construed as imposing consecutive terms. In order that a sentence on successive counts may be construed as imposing concurrent terms there must be a minimum and maximum on each count. *Abt. vs Walker,* 126 Conn. 218. Accordingly, the sentence in this case must be construed as imposing a term of imprisonment of not less than five nor more than thirteen years. Upon this construction of the sentence, making allowance of time for good behaviour, in accordance with section 1471e of the 1939 Supplement to the General Statutes, his maximum sentence will expire on January 17, 1948. So far as this point is concerned, therefore, the applicant is still confined properly.

His second contention is that Connecticut is bound by the provision of the · sentence of the County Court for Bronx County, the Connecticut sentence must be held to have been running concurrently with the New York sentence, and that on that basis the Connecticut sentence has long since expired. The answer to this contention is twofold. In the first place, it appears that what the New York court said in imposing sentence did not in any way purport to control the Connecticut sentence. At most it was a request to the Connecticut authorities to waive the balance of the applicant's sentence here. This request was not intended to be a part of that court's judgment. In the second place, even though it had been formally adjudged by the New York court that the sentence which it was imposing was to be in lieu of or substitution for the balance of the Connecticut sentence, such an adjudication in New York could

have no effect in Connecticut. That adjudication was one to enforce the criminal law of New York and therefore has no extraterritorial effect. 34 *C.J., Judgments,* §1573, p. 1107. Moreover, it is clear that a New York court has no jurisdiction nor power to modify a judgment of a Connecticut court. The full faith and credit clause of the United States Constitution does not compel the courts of one state to recognize the judgment of a court of another state if the latter court had no jurisdiction to enter such judgment. For these reasons even though the request of the Bronx County Court had purported to be an order to the Connecticut authorities to treat the term of imprisonment imposed by it as a part of this applicant's Connecticut sentence, there is no reason why either Connecticut prison authorities or the Connecticut courts should feel in any way bound by it.

Judgment may enter for the defendant, remanding the applicant to the defendant's custody.