## In re Appeal of Mary E. Dattilo

Maltbie, C. J., Brown, Jennings, Ells and Cornell, Js.

Argued February 3—decided March 15, 1949.

*James F. Rosen,* for the appellant.

Maltbie, C. J. This motion concerns a proposed appeal to this court from a judgment of the Superior Court upon an appeal taken to it from the Juvenile Court. The question is whether the appeal to this court may be pursued without the payment of the fees usually required on appeals.

Section 695c of the 1935 Cumulative Supplement to the General Statutes (Rev. 1949, § 2814) provides that no costs shall be taxed in proceedings before the Juvenile Court. Section 436i of the 1947 Supplement (Rev. 1949, § 2815) provides that on an appeal from the Juvenile Court the same procedure shall be followed as provided for juvenile courts; and accordingly the rules of practice of the Superior Court specify that upon such an appeal no costs shall be taxed nor any

fees charged by the clerks. Practice Book, Chap. 26A, § 2(c). These provisions do not apply to appeals taken from the Superior Court to this court. Section 557h of the 1945 Supplement (Rev. 1949, § 3604) requires that certain fees be paid to the clerks of court for the entry of a case in the Supreme Court of Errors, upon a request for a finding of facts, and for the judgment; § 5699 of the 1930 Revision (Rev. 1949, § 8011) requires that in every case appealed to this court the appellant shall pay a record fee of $25; and no exception is made in these statutes as regards appeals in cases originating in the Juvenile Court. The clerks are accountable to the comptroller for the collection of fees required, and this court is without power to direct that they be waived.

On an appeal to this court from the judgment of the Superior Court in a case originating in the Juvenile Court, there is the same necessity for a finding of facts as in any appeal which seeks to bring before us a claim of errors in the rulings of the court or in its conclusions upon the facts and evidence before it; Practice Book § 336; Conn. App. Proc. § 70; and the rules concerning corrections of a finding apply. Section 5700 of the 1930 Revision (Rev. 1949, § 8012) gives to the judges of the Superior Court power to make rules concerning "the payment of costs and the taxation of reasonable costs when the same have not been fixed by statute." In pursuance of that power the judges have passed a rule that the expense of printing evidence to secure corrections in the finding shall be paid by the party filing it. Practice Book § 351. Under this provision, also, this court is without power to direct the clerk to print any such evidence without the payment required.

There is one respect, however, in which appeals to this court in juvenile cases may differ in their manner of presentation. It is the policy of the Juvenile Court

Act that its records shall be open to inspection only to persons "having a proper interest therein and upon order of the court." General Statutes, Rev. 1949, § 2821. The rules of court provide that, upon appeal to the Superior Court, "The records and papers in any juvenile case filed in the Superior Court shall be open to inspection only by the child concerned, its parent, guardian, or attorney or upon order of a judge of the Superior Court." Practice Book, Chap. 26A, § 2(c). Under § 379 of the Practice Book, a judge from whose decision in a juvenile case an appeal is taken has the power to direct that any papers necessary to present it, such as findings and evidence, shall not be printed but be sent under seal to the clerk of this court at Hartford as a part of the file of the case. This does not, however, justify an order that any of the fees to which we have referred shall not be paid, although the expense of printing evidence in the record may thus be saved.

The motion is denied.

In this opinion the other judges concurred.