## WILLIS v. UTECHT.
### No. 14151.

United States Court of Appeals
Eighth Circuit.

Nov. 6, 1950.

Writ of Certiorari Denied Jan. 2, 1951.
See 71 S.Ct. 286.

Richard Clarence Willis and Weldon Burl Meadows, pro se.

J. A. A. Burnquist, Attorney General, and Ralph A. Stone, Assistant Attorney General, for appellee.

Before GARDNER, Chief Judge, THOMAS Circuit Judge, and DEWEY, District Judge.

DEWEY, District Judge.

The above named appellants, jointly, and on March 6, 1950, filed an application for a writ of habeas corpus in the fourth division of the district court of the United States for the district of Minnesota.

This application recites that they are deprived of their liberties by the warden of the Minnesota state prison, at Stillwater, Minnesota, because of a judgment of conviction and sentence by the district court of Anoka County, Minnesota, and that judgment is void as it was obtained by violations of the applicants constitutional rights.

The application further states that they are paupers and unable to pay filing fees for pleadings, and that they have exhausted all the legal remedies provided by the state courts.

The application for the writ by appellants was denied by the United States district court on March 14, 1950, as it appeared to the court that "the petitioners have not exhausted their remedies in the state courts". This appeal is from this order of the district court.

From the record and the arguments of the parties it is disclosed that these applicants lodged a petition for a writ of habeas corpus with the clerk of the district court, in and for the county of Washington, Minnesota, on or about February 21, 1950, but that it was not filed as the applicants did not pay the filing fee.

They filed an application for a writ of habeas corpus in the Supreme Court of Minnesota prior to the filing of the application in the federal court.

They lodged an application for a writ of mandamus with the clerk of the Minnesota Supreme Court praying for an order of that court requiring the clerks to file and present their petitions for writs of habeas corpus to the state courts in forma pauperis. But the clerk refused to file the application for a writ of mandamus because of the failure to pay the filing fees required by the laws of Minnesota.

Applicants have also filed with the clerk of this circuit court, on August 16, 1950, an application to this court, and in this action, for a writ of injunction to prevent the warden of the penitentiary from molesting them during the pendency of the action.

No other proceedings were had in the state courts of Minnesota.

The statutes of Minnesota provide that filing fees shall accompany the filing of papers in the office of the clerk, and by Section 357.08, the clerk of the Supreme Court is ordered not to perform any services with reference to the filing of pleadings until the payment of the required fee therefor shall have been made.

Provisions are made by the statutes of Minnesota for filing a writ of habeas corpus in the district court of the county in which the petitioner is detained; and in the Supreme Court. But no provision is made in the state statutes for filing or maintaining a suit for a writ of habeas corpus in the courts of Minnesota in forma pauperis.

And the statutes provide that any party aggrieved by an order in proceedings for a writ of habeas corpus may appeal therefrom, to the Supreme Court, in the same manner as other appeals are taken from the district court.

An application for a writ of habeas corpus cannot take the place of a writ of error or appeal. State ex rel. Baker v. Utecht, 1946, 221 Minn. 145, 21 N.W.2d 328.

But the Supreme Court of Minnesota will entertain a petition for a writ of habeas corpus as an original suit where there are "exceptional circumstances". State ex rel. DuFault v. Utecht, 220 Minn. 431, 19 N.W. 2d 706; Wojahn v. Halter, Minn., 39 N.W. 2d 545.

Subsequent to the filing of the application in the federal court, the Supreme Court of Minnesota, 42 N.W.2d 818, denied the application made by these applicants to it for a writ of habeas corpus, on the ground that no exceptional circumstances appeared in the application. The appellants did not attempt to apply for a writ of certiorari therefrom to the Supreme Court of the United States.

From the above statement it is apparent that the applicants have not exhausted all their remedies in the state court. We do not understand that they seriously claim that they have.

An application for a writ of habeas corpus attacking a state court judgment of conviction for crime, will be entertained by a federal court only after all state court remedies available, including all appellate remedies in the state courts and in the Supreme Court of the United States by appeal or writ or certiorari, have been exhausted. Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 88 L.Ed. 572; Guy v. Utecht, 8 Cir., 144 F.2d 913; Berman v. Swenson, 4 Cir., 177 F.2d 717; U.S. ex rel. Hamby v. Ragen, 7 Cir., 178 F.2d 379; Darr v. Burford, 10 Cir., 172 F.2d 668.

And following this rule, the Congress of the United States in revising the "Judicial

Code and Judiciary", in 1948, provided by Section 2254 of the Judicial Code:

"2254. State custody; remedies in State courts. An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

■ Appellants rely on their claim that they have filed their petitions for writs of habeas corpus in the several courts of Minnesota in forma pauperis; that this entitles them, as a matter of right, to have their papers filed, and as the clerks and the several courts have erroneously refused to file their pleadings in forma pauperis, they are unable to proceed further, and thus have exhausted any and all state remedies.

■ In this claim the appellants are mistaken as an action in forma pauperis, or an appeal, is entirely statutory and is a privilege, not a right, and no requirement of due process is involved. Dorsey v. Gill, 1945, 80 U.S.App.D.C. 9, 148 F.2d 857, 877, certiorari denied, 325 U.S. 890, 65 S. Ct. 1580, 89 L.Ed. 2003; Lowe v. Hiatt, D.C. Pa. 1948, 77 F.Supp. 923; United States ex rel. Dilling v. McDonnell, 7 Cir., 130 F.2d 1012; Baltimore & Potomac R. R. Co. v. Grant, 98 U.S. 398, 401, 25 L.Ed. 231.

■ The Supreme Court of Minnesota having refused to entertain the application for a writ of habeas corpus, as an original suit, as there were no exceptional circumstances warranting the attention of the court, the proper procedure under Minnesota law was to file an application for such a writ, with filing fees, in the district court, and if the decision of that court was ad-

verse to applicant then to appeal to the Supreme Court of Minnesota. As this procedure has not been followed, the remedies of the state court have not been exhausted.

The decision and order of the district court dated March 14, 1950, denying an application for a writ of habeas corpus is approved and the order is affirmed. The application for an injunction is denied.

Affirmed.