## DOLAN v. ALVIS et al.
### No. 11186.

United States Court of Appeals,
Sixth Circuit.

Jan. 19, 1951.

Donald Dolan, in pro per.

Herbert S. Duffy, Atty. Gen., and Frank J. Battisti, Asst. Atty. Gen., Alan Schwarzwalder, Columbus, Ohio, for appellees.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant filed a petition for a writ of habeas corpus in the district court, setting forth that he had been convicted of crime in the Court of Common Pleas of Hamilton County, Ohio; that he had been denied legal and lawful arraignment prior to his trial; that he had been denied the right to contact and consult counsel; that he was not lawfully indicted; that he was denied compulsory process for obtaining witnesses in his favor; that he was denied the right to examine jurors on his trial to determine

their fairness and impartiality; and that he was denied due process of law and the equal protection of the law from the time of his arrest on May 25, 1945, to the date of filing his petition for a writ of habeas corpus on February 6, 1950, all of the foregoing being in violation of the federal Constitution. Petitioner further alleged that he had exhausted all his available remedies in the courts of the State of Ohio; that while he had appealed his conviction to the Court of Appeals, and that court had affirmed the conviction, petitioner subsequently filed in the Court of Appeals a notice of appeal to the Ohio Supreme Court, but that he was thereafter denied access to that court; that he attempted to file a petition for a writ of habeas corpus in the Court of Common Pleas of Franklin County, Ohio, on six different dates during 1946, 1947, and 1948, and was denied access to that court; that he further attempted to file a petition for a writ of habeas corpus in the Court of Appeals of Ohio on four different occasions during 1946, 1947, and 1948, and was denied access to that court; and that he attempted to file a petition for a writ of habeas corpus in the Supreme Court of Ohio on six different dates during 1946, 1947, 1948, and 1949, and was denied access to that court because it was required that the docket fees for filing such petition must be paid in advance and that petitioner had no funds to make such payment, and according to the rules of that court, he was not permitted to proceed in forma pauperis.

Respondent warden and the State of Ohio filed no answers to the petition for the writ of habeas corpus, and it was thereafter denied by the district court in a pro forma order dated April 18, 1950. Thereafter, the district court granted petitioner leave to appeal from the order in forma pauperis. On the appeal from the order of the district court, there was filed in this court a brief by the Attorney General of Ohio on behalf of respondent, stating that respondent had no knowledge whether the facts stated by petitioner in regard to his trial in the courts of the State of Ohio were true, or whether the alleged proceedings in regard to his petitions for writs of habeas corpus in that state were true. The State, in its brief, merely contended that appellant had not exhausted his state court remedies, setting forth that the laws of Ohio provided that, in a criminal case, the judgment of a court inferior to the court of appeals, may be reviewed by the court of appeals, and a judgment of the court of appeals may be reviewed by the supreme court upon good cause shown, and, further, that a writ of habeas corpus may be granted by the supreme court, the court of appeals, the common pleas court, or the probate court of Ohio, or by a judge of either. The foregoing statements in the brief of the Attorney General, however, do not answer petitioner's contentions that he was without funds and that the State of Ohio did not permit him to file a petition for a writ of habeas corpus without prepayment of funds and made no provision for proceedings in forma pauperis. Moreover, the State, in its brief, does not counter the allegations in the petition that petitioner had been denied access to the Supreme Court of Ohio in the presentation of his case on appeal.

If a prisoner is without funds or unable to obtain them, and may not present his case on appeal to a state court or file a petition for a writ of habeas corpus without prepayment of fees that he is unable to make, he would not be precluded from filing a petition for a writ of habeas corpus in a federal court on the ground that he has not exhausted his remedies in the state courts, for in such a case, he must be held to have exhausted such remedies.

The above cause is remanded to the district court for the filing of answers by respondent warden and the State of Ohio, and for further proceedings and findings by the district court as to whether petitioner has exhausted his state court remedies, and if he has, for consideration of the merits and determination of the petition for the writ of habeas corpus. See Mothershead v. King, 8 Cir., 112 F.2d 1004.