**UNITED STATES ex rel. MARTIN v. WALKER, Warden.**

Civ. No. 3730.

United States District Court
D. Connecticut.

April 11, 1952.

456

· Petitioner pro se.

SMITH, District Judge.

In dismissing a previous petition for a writ of habeas corpus by this petitioner, Martin v. Walker, Civil Action No. 3635, this court held that, until he could obtain a final determination of his appeal to the Connecticut Supreme Court of Errors and a denial of certiorari by the United States Supreme Court, we would not take jurisdiction to consider his petition. Subsequently, on the strength of Jennings v. Illinois, 1951, 342 U.S. 104, 72 S.Ct. 123, 96 L.Ed. 119, we advised him by letter that, if the Connecticut Supreme Court of Errors dismissed his appeal for lack of a printed record, and if the inability to supply a printed record was due to the petitioner's poverty, we would consider him as having exhausted his state remedies without seeking certiorari from the United States Supreme Court.

■ We are now presented with a new petition, alleging substantially the same facts presented in the previous petition but setting forth, in addition, a letter from the Chief Justice of the Connecticut ·Supreme Court of Errors which states that, for all practical purposes, the petitioner's appeal to that court is dead because of his failure to perfect his appeal within the time allowed. There is no doubt, however, that, had the petitioner been able to muster the necessary funds to pay the cost of printing the record of his trial, he would have been able to pursue his state remedies in the highest state court. We consider this case, then, on the basis of the petitioner's inability to have the Connecticut Superior Court's denial of his habeas corpus petition reviewed by the Connecticut Supreme Court of Errors because of the lack of machinery in Connecticut for allowing appeals in civil cases in forma pauperis where the appeal would otherwise be allowed.

With the dismissal of his appeal by the Supreme Court of Errors, the petitioner has availed himself of the limited post-conviction corrective process that Connecticut affords indigent prisoners. We conclude that, in the spirit of Jennings v. Illinois, supra, we may take jurisdiction of this matter at this time. We must consider, therefore, whether the petition sets forth a substantial Federal right which has been denied the petitioner in the state courts. A broad view of the petition suggests three possible theories on which the petitioner may rely. [1] Lack of due process through erroneous construction of the criminal statutes exposing him to double jeopardy; [2] lack of due process through erroneous construction of the criminal statutes failing to give him fair warning of the elements of the crime charged; [3] lack of due process or of equal protection of the laws by failure to provide for appeal in forma pauperis from denial by the Superior Court of a writ of habeas corpus.

Petitioner has been tried and convicted on an Information which charged him with wilful burning of a building which was the property of another, which building was not included or described in § 1687c of the 1935 Cumulative Supplement to the General Statutes. As a third offender, he was sentenced to a term of 7 to 30 years in the State's prison. The building in question was a barn on the Osborn Prison Farm, undeniably the property of the State. The trial court ruled that the Information was sufficient to cover the offense alleged, even though its wording more closely conformed to the so-called private-building arson statute, § 1689c of the 1935 Supplement, rather than to the so-called public arson statute,— § 6070 of the 1930 Revision.

■ Our first consideration, therefore, should be directed to the statutes' construction by the trial court. Bound as we are by a state court's interpretation of its own statutes, we are not at liberty to upset that construction unless, in some manner, it violates a right which the defendant enjoys under the Fourteenth Amendment to the

Constitution of the United States, or other constitutional provisions.

Taking the allegations of the petition as true for the purpose of testing its suffi-. ciency, we must consider that the Information charged the wilful burning of the building of another but omitted any allegation of malice, and that the Superior Court on writ of habeas corpus upheld the conviction as so charged.

This is either a holding that "maliciously" is surplusage in the 1935 Act, or that burning of a public building may be shown under the public building section of the 1930 Revision even though the charge is the burning of the building of "another".

One might argue that either holding would be erroneous but neither, even if erroneous, would be violative of due process.

A possible consequence of the trial court's ruling might be the indictment of the petitioner, after he is released from serving his present sentence, for a violation of the public building statute, if his present conviction be held one under the 1935 Act. We do not rule now on the effect such action might have on the petitioner's right to be free from double jeopardy, for that question cannot be raised until a new charge is lodged against him. Until such time, his constitutional rights will not be in danger, so that the question of double jeopardy must be held premature at this point.

Moreover, the double jeopardy prohibition of the Fifth Amendment, binding on the Federal government, is not one of the fundamental protections required of the states by the due-process provisions of the Fourteenth Amendment. Palko v. Connecticut, 1937, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288. This is not to say that some types of double jeopardy might not be so offensive to our ideas of fundamental fairness in treatment of the rights of the citizen that they would be violative of due process. A mere possibility of later prosecution does not fall within that class.

Nor do we feel that the defendant was prejudiced in his defense by failure to apprise him of the nature of the crime charged. There is no allegation of surprise, or of failure to furnish on demand particulars to identify the building in Enfield referred to in the Information.

We come then to the dismissal by the Supreme Court of Errors of the petitioner's appeal from the habeas corpus proceedings in the Superior Court, the trial court. Connecticut provides a prisoner with the right to seek his release through a writ of habeas corpus directed to the trial court and, if it is denied, for an appeal to the Supreme Court of Errors. As a civil action, there is no provision for the state's assuming the burden of the cost of the appeal by one who is without sufficient funds to pay for the appeal. Not only must a bond for costs be filed on the appeal, but the parties are required to print the record of the proceedings below. In this case, the Supreme Court of Errors refused to consider the petitioner's appeal without the benefit of a printed record, a burden which the petitioner was not in a position to assume.

There is no doubt that an appeal in any civil case is a matter of privilege and not of right. State of Ohio ex rel. Bryant v. Akron Metropolitan Park District, 1930, 281 U.S. 74, 50 S.Ct. 228, 74 L.Ed. 710.. Nor has the result been held any different in a civil case when an appeal is provided for those who can afford to pay for it and denied to those who cannot. Clough v. Hunter, 10 Cir., 1951, 191 F.2d 516. Dorsey v. Gill, 1945, 80 U.S.App. D.C. 9, 148 F.2d 857, 877–878. Such a practice now exists. in the Federal courts whereby an appeal in forma pauperis will not be allowed if the trial court certifies that the appeal is not being taken in good faith. 28 U.S.C. § 1915. And if such a procedure may be countenanced under the Fifth Amendment, it may likewise be recognized under the Fourteenth.

Since no substantial Federal question is presented, the petition for the writ may be filed and dismissed.