**UNITED STATES ex rel. Jesse EMBREE, Appellant,**

**v.**

**George A. CUMMINGS, Warden, Appellee.**

**No. 237, Docket 23569.**

United States Court of Appeals Second Circuit.

Argued Feb. 10, 1956.

Decided May 7, 1956.

Jerome E. Caplan and Robert Y. Pelgrift, Hartford, Conn., for appellant.

Albert S. Bill, State's Atty., Hartford, Conn. (Douglass B. Wright, Asst. State's Atty., Hartford, Conn., of counsel), for appellee.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

The petitioner in this habeas corpus proceeding is a prisoner presently confined in the Connecticut State Prison. He pleaded guilty in 1952 to three counts of breaking and entering and larceny and was sentenced by the Superior Court for Hartford County as follows:

> "that said Jesse R. Embree be imprisoned in the Connecticut State Prison during the period of not less than two (2) years and not more than three (3) years on the first count; one (1) year on the second count; one (1) year on the fourth count * * *".

When he filed this petition Embree alleged that, with allowance for good behavior, he had served the maximum term on the first count. His sole contention now is that the sentences imposed by the Connecticut Court were concurrent rather than consecutive and that the period of his sentence has therefore expired.

There is a preliminary question whether the petitioner has exhausted his state remedies within the meaning of 28 U.S.C.A. § 2254. In his petition Embree alleged that because of his poverty he was unable to pay the filing fee in the Connecticut Court and that the Court would not waive the fee. In support of this allegation he presented a letter which he had directed to the Clerk of the Superior Court at Hartford, Conn. This letter contained the following reply handwritten at the bottom of the page and signed by the Clerk:

"Dear Mr. Embree:

"There is no provision in Connecticut to waive the 'filing'-entry fee.

"There is no provision for forma pauperis."

Embree also presented in support of his petition two affidavits of poverty alleging that he is without property, and that his income as a prisoner is approximately $4.00 per month.

Section 3604 of the General Statutes of Connecticut, Rev.1949, provides:

> "There shall be paid to the clerks of the supreme court of errors, the superior court or the court of common pleas, for entering each civil cause, seven dollars * * *. Said fees may be demanded before the cause is entered * * * and no clerk shall be required to continue any cause on the docket * * * until all court and clerk fees due shall have been paid."

(This section was amended in 1955 to increase the filing fee to fourteen dollars. 1955 Supp. to the General Statutes of Connecticut § 1972d.)

The Supreme Court of Errors of Connecticut has held that under this statute the court has no power to waive the fee required for entering an appeal. Appeal of Dattilo, 1949, 135 Conn. 411, 65 A.2d 262. There is no reason to believe that the rule is otherwise with respect to the fees required for causes filed in the lower courts. Nor does the Connecticut statute governing habeas corpus proceedings provide for waiver of the filing fee in such cases. General Statutes of Connecticut, Rev.1949, §§ 8202–8206.

The State's Attorney for Connecticut has not challenged Embree's protestations of poverty nor has he suggested any remedy in the Connecticut Courts which is available to him.

Where the only state remedies are inaccessible to a prisoner because of his poverty, his failure to pursue those remedies does not bar him from applying to the federal courts for relief. The Supreme Court suggested as much in Jennings v. State of Illinois, 1951, 342 U.S. 104, 109–111, 72 S.Ct. 123, 96 L.Ed. 119 where it pointed out that federal habeas corpus may be available where the petitioner is barred from appealing his conviction by his inability to pay the costs required by state law. And we have so held in United States ex rel. Martin v. Walker, 2 Cir., 1953, 203 F.2d 563, affirming D.C.D.Conn.1952, 111 F. Supp. 455. Courts in other circuits have similarly held that if state remedies are not available to an indigent prisoner he may proceed in the federal court. Robbins v. Green, 1 Cir., 1954, 218 F.2d 192; Dolan v. Alvis, 6 Cir., 1951, 186 F.2d 586, certiorari denied 1952, 342 U.S. 906, 72 S.Ct. 298, 96 L.Ed. 678. Contra: Willis v. Utecht, 8 Cir., 1950, 185 F.2d 210, certiorari denied 1951, 340 U.S. 915, 71 S.Ct. 286, 95 L.Ed. 651.

We conclude that there has been a sufficient showing here that there is no state remedy available to the petitioner. The requirements of 28 U.S.C.A. § 2254 have therefore been met and we proceed to the merits of Embree's claim.

Petitioner's only contention is that his present detention is unlawful because he has served the longest of three concurrent sentences. The only question we need consider is whether the sentences imposed by the Connecticut Court were concurrent or consecutive. It seems clear to us that under Connecticut law the sentences were consecutive.

Section 8825 of the General Statutes of Connecticut, Rev.1949, provides:

"When any person shall be sentenced to the State Prison, otherwise than for life or in connection with a sentence of execution for a capital offense, the court imposing the sentence shall establish a maximum and minimum term for which such convict may be held in said prison * * * provided, in case a person shall be sentenced to the State Prison for two or more separate offenses and the term of imprisonment for a second or further term shall be ordered to begin at the expiration of the first and each succeeding term of sentence named in the warrant of commitment, the court imposing such sentences shall name no minimum term of imprisonment except under the first sentence * * *."

Under this statute when a court imposes concurrent sentences it must specify a minimum and a maximum for each offense; when it imposes consecutive sentences it need specify a minimum and maximum only for the first offense and maximums for the others.

In Abt v. Walker, 1940, 126 Conn. 218, 10 A.2d 596 the Supreme Court of Errors of Connecticut held that where the sentencing court specifies a minimum and maximum on one count and only one period on each of the other counts, the terms will run consecutively even though there is no specific direction to that effect. This same principle has been enunciated more recently by the Supreme Court of Errors in Redway v. Walker, 1945, 132 Conn. 300, 43 A.2d 748 and has been followed by the lower Connecticut courts. Saraulla v. Walker, 1945, 13 Conn.Supp. 307; Kenney v. Walker, 1948, 16 Conn.Supp. 76, 77.

The sentence imposed upon the petitioner here specified only one period of imprisonment on each of the counts after the first. It is therefore clear under the Connecticut statute and cases that the sentences were consecutive. Due process does not require that any particular form of words be used in imposing such a sentence. In the light of the Connecticut authorities the intention of the sentencing judge was not unclear. Thus the petitioner is now lawfully imprisoned under a sentence which has not yet expired.

On this appeal counsel for the appellant have acted at the request of this court. They have ably represented their client; the court is grateful for their service and their assistance.

Judgment affirmed.