**UNITED STATES of America,
ex rel. John C. ANDERSON**

**v.**

**Angelo CAVELL, Warden, Western State Penitentiary Pittsburgh 33, Pennsylvania.**

**Misc. No. 2034.**

United States District Court
W. D. Pennsylvania.

Jan. 14, 1957.

Robert Grigsby, Pittsburgh, Pa., for relator, John C. Anderson.

Richard P. Steward, Dist. Atty., Beaver, Pa., for respondent.

MARSH, District Judge.

Relator filed a petition for a writ of habeas corpus and requested leave to proceed in forma pauperis. This request was granted, but because it was thought that the relator had not exhausted his state remedies, i.e., he had not applied to the Supreme Court of the United States for a writ of certiorari, Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, the petition was dismissed.

Thereafter, relator asked for reconsideration and his petition for the writ was reinstated in forma pauperis; a rule to show cause was issued, counsel appointed for relator, and a time for hearing fixed on the rule.

The return filed by respondent and the petition itself disclose that relator is in custody pursuant to commitment of the Court of Oyer & Terminer of Beaver County, Pennsylvania, at No. 5 September Term, 1955, where he was indicted in three counts for forgery, uttering a forged instrument and "delivering worthless checks" [sic]. The return indicates that relator had pleaded guilty to the second count and was sentenced to the Western Correctional Diagnostic and Classification Center for a term of not less than three nor more than six years and later transferred to the Western Penitentiary.[1]

At the hearing on the rule, no one appeared for the Commonwealth.[2] The counsel appointed for relator by this court appeared and contended that the relator had exhausted his state remedies, despite his failure to seek certiorari to the Supreme Court of the United

1. At indictment Nos. 14 and 15 September Term, 1955, the relator also pleaded guilty and was sentenced to the Allegheny County Workhouse for passing worthless checks, these sentences to begin at the expiration of the penitentiary sentence imposed at No. 5 September Term, 1955.

2. After the hearing, we were informed that because of the tragic injury and death of the mother of the District Attorney he was unable to appear.

States, because the state courts denied to him the right to appeal in forma pauperis.[3] He then offered in evidence the transcripts of the proceedings in the state courts and two letters from the Prothonotary of the Superior and Supreme Courts of Pennsylvania, both of which denied relator's petition for permission to appeal without payment of the required filing fee.[4] The order of the Superior Court cited the Act of May 19, 1897 P.L. 67, § 3, 12 P.S. § 1135, prescribing the sum of $12 for filing an appeal, and Commonwealth ex rel. Richardson v. Baldi, No. 170 Misc. Docket No. 6, an order denying a similar petition; allocatur refused by the Supreme Court of Pennsylvania; a writ of certiorari denied by the Supreme Court of the United States on January 23, 1956.[5]

Since there was no opposition by the Commonwealth, we assume, without deciding, that relator had exhausted his state court remedies.

Thereafter, by telephone, the District Attorney of Beaver County was requested to produce for our examination the records of the case in compliance with Rule 16(g) of the Rules of the District Court for the Western District of Pennsylvania. He was advised that the transcripts had been furnished by the petitioner. See footnote 4. On January 8, 1957, the District Attorney filed an answer containing copies of the informations, indictments and orders of court involved. He also mailed to us relator's petition in the state court for a writ of habeas corpus, his "Rebuttal" petition, and the orders of the state court fixing a date for hearing and dismissing the petition. The relator filed a letter in rebuttal.

From all the records at hand, it appears that immediately after relator was sentenced on March 28, 1956, he sent a letter to the Honorable Robert E. McCreary, the sentencing Judge, stating in substance that relator had pleaded guilty to the third count charging delivery of a worthless check, a misdemeanor, at Indictment No. 5 September Term, 1955, but had erroneously been sentenced on the second count charging uttering a forged instrument, a felony. He further averred that the District Attorney had agreed to nolle pros the forgery count, and that had been ordered by the court to be done. On March 29, 1956, petitioner presented a petition for a writ of habeas corpus containing similar allegations which was ordered filed. An answer was filed by the District Attorney and the relator was brought before the Court on April 16, 1956 where a full opportunity was given to him to testify, call witnesses and argue his points of law.

Upon the evidence thus received, Judge McCreary found that relator failed to sustain his burden of proof of overcoming the court records and dismissed the petition.

█ A federal court is required to exercise its independent judgment upon consideration of the petition and answer, and the complete record in the state courts and decide issues of fact relating to fundamental fairness. It is not required to hold another hearing upon the merits. As stated in Darr v. Bur-

3. Dolan v. Alvis, 6 Cir., 1951, 186 F.2d 586, certiorari denied 342 U.S. 906, 72 S.Ct. 298, 96 L.Ed. 678, and Ex parte Roberts, D.C.W.D.Va.1945, 61 F.Supp. 864, were cited by relator. See also United States ex rel. Martin v. Walker, D.C.Conn.1952, 111 F.Supp. 455, affirmed 2 Cir., 1953, 203 F.2d 563; Robbins v. Green, 1 Cir., 1954, 218 F.2d 192; Willis v. Utecht, 8 Cir., 1950, 185 F.2d 210, certiorari denied 340 U.S. 915, 71 S.Ct. 286, 95 L.Ed. 651; United States ex rel. Embree v. Cummings, 2 Cir., 1956, 233 F.2d 188.

4. These exhibits and the transcripts of the state court proceedings and certain other certified records apparently accompanied relator's petition in this court but were returned to him by the Clerk as he requested after this court dismissed the petition and before it was reinstated.

5. Richardson v. Commonwealth of Pennsylvania, 350 U.S. 954, 76 S.Ct. 344.

ford, supra, 339 U.S. at page 215, 70 S.Ct. at page 596;

"* * * the court may require a showing of the record and action on prior applications, but may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds, and repeated adjudications of the same issues by courts of coordinate powers."[6]

█ We have carefully examined the petition and the records in the state court and find that the relator's complaints were fairly decided by Judge McCreary against the relator on the merits. From the records it is perfectly evident that relator, who has had considerable prior experience in the criminal courts in connection with forgery and issuing worthless checks, signed a written plea of guilty to the second count of the indictment at No. 5 September Term, 1955, on September 21, 1955, after an Assistant District Attorney agreed to nolle pros the first count of forgery. According to the petition in this court, on September 19, 1955 counsel had been appointed to represent petitioner who advised petitioner to plead guilty. It does not appear that this attorney was present when he signed the plea in September, but subsequently relator dismissed his court-appointed attorney, the plea was withdrawn at relator's request, and the case fixed for trial on two occasions. On March 19, 1956, in open court, with a jury and witnesses available for trial, relator again plead-

ed guilty to uttering a forged instrument and was sentenced on March 28, 1956. From the records and transcripts examined there is no reason to believe that the relator was overreached by the state authorities.

Nothing constructive would be accomplished by granting another hearing on the petition in this court only to discover that which the record itself so clearly discloses; i.e., that the petition must be dismissed. United States ex rel. Lorenzo v. Commonwealth of Pennsylvania, D.C.W.D.Pa. 1951, 108 F.Supp. 581, affirmed, 3 Cir., 1951, 192 F.2d 576.

Relator complains for the first time in his petition in this court that he was denied counsel by the state court. As heretofore mentioned, relator admits and the proceedings in the state court confirm the fact that the court had appointed counsel to represent him. Relator says he subsequently rejected the counsel alleging that the attorney said he would not represent relator unless the latter pleaded guilty, whereupon the court permitted the counsel to withdraw and refused to appoint another.

█ A state is not required to provide defendants in all criminal cases with counsel;[7] it is required only in situations where unfairness would otherwise result.[8] The record discloses that the experienced relator dismissed his appointed counsel after pleading guilty to the indictment, and thereafter knew exactly what he was doing when he withdrew his plea in order to stand trial, and subsequently in open court again entered a plea of guilty to uttering a forged instrument and to two other

6. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Ackerman v. Johnson, D.C., 139 F.Supp. 890, 892, affirmed 3 Cir., 1956, 235 F.2d 958; United States ex rel. De Vita v. McCorkle, 3 Cir., 1954, 216 F.2d 743; United States ex rel. Trowbridge v. Commonwealth, 3 Cir., 1953, 204 F.2d 689; United States ex rel. Sholter v. Claudy, 3 Cir., 1953, 203 F.2d 805; United States ex rel. Master v. Baldi, 3 Cir., 1952, 198 F.2d 113.

7. United States ex rel. Kennedy v. Burke, 3 Cir., 1949, 176 F.2d 96; Commonwealth ex rel. McGlinn v. Smith, 1942, 344 Pa. 41, 48, 24 A.2d 1.

8. Wade v. Mayo, 1948, 334 U.S. 672, 684, 68 S.Ct. 1270, 92 L.Ed. 1647; Foster v. People of State of Illinois, 1947, 332 U.S. 134, 136–137, 67 S.Ct. 1716, 91 L.Ed. 1955; Betts v. Brady, 1942, 316 U.S. 455, 471–472, 62 S.Ct. 1252, 86 L.Ed. 1595.

indictments charging him with issuing worthless checks. See footnote 1.

■ Moreover, the record indicates that state remedies were not exhausted upon the question of denial of counsel. There is no averment in relator's letter, petition for habeas corpus or "Rebuttal" petition in the state court to the effect that he was denied counsel. This matter was not even mentioned by relator at the hearing, although the fact that he had dismissed his appointed counsel was alluded to by the District Attorney and the Judge. Therefore, since the record demonstrates that the issue relating to the denial of counsel was not submitted to the state court, relator has failed to exhaust his state remedies on the subject, United States ex rel. Ackerman v. Johnson, 3 Cir., 1956, 235 F.2d 958, and this court is without jurisdiction to pass upon that issue.

The remaining questions raised by relator in this court do not present federal questions.

The rule to show cause will be discharged and the petition for writ of habeas corpus dismissed.