COMMONWEALTH OF PENNSYLVA-
NIA ex rel. James H. WOODS

v.

Angelo C. CAVELL, Warden, Western
State Penitentiary, Pittsburgh 33,
Pennsylvania.

Civ. A. No. 16205.

United States District Court
W. D. Pennsylvania.

Oct. 31, 1957.

On Petition for Rehearing and for
Leave to Amend Answer
Nov. 21, 1957.

Arthur Balistaris, Pittsburgh, Pa., for plaintiff.

Edward C. Boyle, Dist. Atty., Allegheny County, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

On October 8, 1947, James H. Woods was arrested on charges of armed robbery, and sentenced on four indictments to a total term of 20 to 40 years.

At No. 3101 October 1952, James H. Woods petitioned the Common Pleas Court of Allegheny County for a writ of habeas corpus and was granted a hearing thereon. On March 17, 1953, the court in its opinion denied the writ. On June 18, 1956, James H. Woods again petitioned the Court of Common Pleas of Allegheny County for a writ of habeas corpus, and the Court dismissed this at No. 2473 July 1956. Before petitioner could save the amount of money necessary to pay the filing fee of the Prothonotary of the Superior Court the statutory period for taking such an appeal had run out. By its order dated February 4, 1957, the Court refused to allow an extension of time within which to file an appeal. Petitioner then filed a petition to the Supreme Court of Pennsylvania for permission to file his petition nunc pro tunc. On March 4, 1957, the Supreme Court entered its order dismissing his petition nunc pro tunc. Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court which was denied on June 10, 1957, 354 U.S. 911, 77 S.Ct. 1300, 1 L.Ed.2d 1430.

On September 11, 1957, there was a petition filed in this Court for a writ of habeas corpus. On October 7, 1957, the District Attorney for Allegheny County filed a motion to dismiss claiming that on its face the petition showed that the petitioner had not exhausted the remedies available to him in the Appellate Courts of the Commonwealth of Pennsylvania.

Woods' allegation is that because of his poverty he was unable to pay the filing fee in the Pennsylvania Court, and the Court would not and, in fact, could not waive the fee. The District Attorney of Allegheny County admits that the requirement for the payment of the sum of $12 for the filing of an appeal is mandatory and cannot be waived. The District Attorney for Allegheny County does not seriously challenge Woods' protestations of poverty, nor has he suggested any remedy in the Pennsylvania Courts which is available to him.

At the hearing held on October 21, 1957, it was definitely established that the income of a prisoner is approximately $3 per month and that Woods, in fact, during the period from May, 1956, to January, 1957, which includes the critical period as to this case, earned only $4.05.

This Court holds that:
"Where the only state remedies are inaccessible to a prisoner because of his poverty, his failure to pursue those remedies does not bar him from applying to the federal courts for relief." See United States ex rel. Embree v. Cummings, 2 Cir., 1956, 233 F.2d 188, 189, and cases cited therein.

The relevant and competent evidence at the hearing developed the fact that we have a petitioner who at the time of sentencing was 21 years old, of below average intelligence, whose judgment and reasoning approach the moron level, and whose achievement is inferior. His

understanding of criminal procedures previous to his sentence consists of a record in the Juvenile Courts.

This Court finds as a fact that he did not have counsel, nor did he waive this right, nor was he given the opportunity to have counsel, and that the lack of counsel under all the relevant and competent evidence introduced in this case was critical and unfair to petitioner. He was facing severe charges for which he could have been sentenced to 120 years of prison and for which he did receive a sentence of 20 to 40 years.

In this setting and on the authority and reasoning of Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Uveges v. Com. of Pennsylvania, 1948, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; and Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 1956, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126, a writ of habeas corpus is granted.

■ Nothing we have said here precludes a new trial or the taking of proper steps to hold the defendant in custody pending such a new trial. See United States ex rel. Thompson v. Dye, 3 Cir., 1955, 221 F.2d 763, 768.

This opinion shall serve as Findings of Fact and Conclusions of Law.

## On Petition for Rehearing and for Leave to Amend Answer

In an Opinion of this Court filed on October 31, 1957, this Court found as a fact that James H. Woods, the petitioner, a 21-year-old defendant of low mentality, was sentenced from 20 to 40 years in the penitentiary without benefit or opportunity of counsel and that no waiver of counsel had been made by him.

■ Since this case involved a state prisoner sentenced under state law, this United States District Court, cognizant of the need of comity between the states and the federal sovereignties, had to first find that an exceptional reason existed for it to inquire into whether or not a constitutional right of Woods had been violated by the State of Pennsylvania as the highest court of Pennsylvania, although the prisoner's position had been before them, had not ruled on the question.

■ This problem was fully understood by this Court and the Commonwealth. The Commonwealth through the District Attorney of Allegheny County on October 7, 1957, filed a motion to dismiss the petition for habeas corpus filed by Woods for this very reason, i. e., that the petitioner Woods had not exhausted his state remedies.[1] The motion recited

1. "Motion to Dismiss
"And Now, to wit, this 7th day of October, 1957, comes Edward C. Boyle, District Attorney for Allegheny County, by
"Louis Abromson, Assistant District Attorney, and, reserving all rights to answer the Petition on its merits respectfully moves your Honorable Court to dismiss the Petition for Writ of Habeas Corpus filed by James H. Woods, Relator, for the following reason:
"1. The Petition, on its face, shows that it is filed in violation of the provisions of Title 28 U.S.C.A. § 2254, in that the Relator failed to exhaust the remedies available to him in the appellate courts of the Commonwealth of Pennsylvania.
"Specifically, the Petition on its face shows that in the Court of Common Pleas of Allegheny County at No. 2473 July Term, 1957 [1956] an order was made by the Court of Common Pleas of

Allegheny County on June 18, 1956, dismissing the Petition.
"The Petition on its face shows that no appeal was taken to the Superior Court until sometime in 1957, at which time a petition for permission for extension of time within which to file an appeal was filed, and on February 4, 1957, the Superior Court dismissed the said Petition. The Act of 1897, P.L. 67, Sec. 4, as amended, 12 P.S. Sec. 1136, provides that no appeal shall be allowed unless taken within three (3) calendar months from the entry of the order from which the appeal was taken.
"The reason stated for failure to comply with the terms of the above recited Act is that the Relator did not have the required cost for taking an appeal. Though the Relator states that the cost of filing the appeal was $22, this Court may take judicial notice of the fact that the cost of filing the appeal is $12.
"The Act of 1897, P.L. 67, Sec. 3, 12

the facts and showed that neither the Superior Court nor Supreme Court of Pennsylvania had reviewed this question. However, the petitioner had alleged that the reason he had not been heard by the higher courts of Pennsylvania was that he was unable to pay a $12 mandatory filing fee because of poverty. The poverty of this prisoner was apparent. The Commonwealth by its petition and at the Argument conceded this $12 fee was mandatory and could not be waived. This Court following a precedent set by the United States Court of Appeals in the First, Second and Sixth Circuits, which cases were similar to the instant case, ruled that these circumstances properly allowed a federal district court to inquire into the alleged violations of the defendant's constitutional rights. United States ex rel. Embree v. Cummings, 2 Cir., 1956, 233 F.2d 188; Robbins v. Green, 1 Cir., 1954, 218 F.2d 192; Dolan v. Alvis, 6 Cir., 1951, 186 F.2d 586. A hearing was held. The relevant evidence showed beyond question the absence and non-waiver of counsel and an overreaching of this young, uneducated, almost moronic defendant. In the face of this, the Commonwealth in its brief took the position that the Sixth Amendment, one of the Bill of Rights, providing for the right of counsel to a defendant in a criminal case did not apply in the Commonwealth of Pennsylvania, the Fourteenth Amendment to the Constitution notwithstanding. They then argue that even if this is the law that the denial of counsel in itself was not a constitutional violation. In my opinion the denial of counsel to this borderline moron on offenses for which he could have been sentenced from 60 to 120 years and in fact was sentenced from 20 to 40 years was in itself a denial of due process. But in addition, I found that the results were unfair to the defendant. My conclusion was and is that the constitutional rights of petitioner Woods were violated.

■ After the opinion was handed down, the District Attorney of Allegheny County, representing the Commonwealth of Pennsylvania, petitioned for a rehearing. The gist of their petition is that they wrongly advised this Court as to the mandatory filing fee. It is proper to note that at the request of the District Attorney of Allegheny County additional time was granted him to research his position before argument on

P.S. Sec. 1135, provides that the appellant shall pay to the prothonotary on the filing of the appeal the sum of $12. The provisions of the Act providing that no appeal shall be allowed unless taken within three (3) calendar months is mandatory. Similarly, the provisions of the Act requiring the payment of the sum of $12 on the filing of an appeal is mandatory. Our own courts, lower or appellate, cannot waive the provisions of these acts. Our own courts must have the right to provide limitations of time with respect to the appeal. Our own courts must have, pursuant to legislative authority, the right to prescribe the fees for the operation of the office of the prothonotary. It is respectfully urged that the federal courts are not vested with the power to dictate to our courts on any matters involving the time limitation in which an appeal may be taken, or direct that appeals may be filed in our courts without payment of the statutory filing fee. These matters effect no constitutional rights of appellants and are essential and indispensable to the prompt administration of justice within the Commonwealth of Pennsylvania. It is clear, therefore, that the filing fee has not been paid in this matter and that the appeal was taken subsequent to the expiration of three (3) months from the final order made by the lower court. There was no appeal to the appellate courts of Pennsylvania which would have enabled the appellate courts to review the lower court's order, and it is clear that the Relator has not exhausted the remedies available to him in the courts of this Commonwealth.

"Wherefore, the Respondent, again reserving all rights to answer on the merits, respectfully moves your Honorable Court to dismiss the Petition for Writ of Habeas Corpus filed by the Relator.

"Edward C. Boyle
District Attorney for
Allegheny County
s/ Louis Abromson

Louis Abromson, Assistant
District Attorney"

his motion, and that he, the District Attorney, informed this Court that the Attorney General of Pennsylvania had been informed of this case, and after study that high officer might wish to intervene. Nonetheless, they adhered to their original position that the $12 fee was mandatory and that the State had a right to demand this fee. The Attorney General did not intervene.

This Court, of course, does not have the right or intention of passing any opinion on the right or policy of the Commonwealth in proscribing its own rules and regulations. All we held was that if a prisoner is barred by poverty from appealing under the State's rules then this was an exceptional circumstance that allowed an inferior United States Court to pass on an alleged constitutional violation without the highest court of the State having an opportunity to first pass on the question.

This Court feels that on the facts before it a proper hearing was held. It feels that a violation of a citizen's constitutional rights were shown. The question thus presents itself as to whether the Commonwealth should be given another opportunity to show that under certain other facts that the federal court might not have heard the testimony showing the constitutional violation. To put it another way, should this Court blind itself to the constitutional violation of which it is now aware and give the Commonwealth, their first position being untenable, another chance to show that the defendant Woods had not exhausted his state remedies.

Comity does not go that far. The federal district courts have a proper reluctance to interfere with state processes. But that does not mean that they are to remain deaf to all the pleas of the violations of rights of a citizen of the United States. We operate as dual sovereignties under a federal-state relationship. But the *Constitution* and the laws made under it are the *supreme* law of this land.

It has been pointed out that:

" * * * where it is clear that a fundamental right was or in all probability may have been violated, there is a definite tendency to regard good faith attempts to comply with other procedural remedies, especially if greatly complicated, as sufficient." 19 A.L.R.2d 789, 810.

Here even the Commonwealth's Attorney in this case alleges in effect that he was confused and mistaken as to the proper procedural remedies available in the State of Pennsylvania as is apparent by the inconsistent position taken before the Court in respect to filing fees. How then can we say that this borderline moron, who was impoverished and having been incarcerated in the penitentiary without the benefit of legal counsel, could know all the possible rules of appellate procedure in Pennsylvania. It certainly appears to this Court that he made good faith attempts to comply with the procedural remedies known to him.

The petition for rehearing states no authority for the Commonwealth's new position. No explanation is given now for disregarding the Act of May 19, 1897, P.L. 67, § 3, 12 Purdon's Pa.Stat.Ann. § 1135. However, we need not decide this question at this time. See Motion to Dismiss, supra. The proper exceptional circumstances were presented to this Court to allow it to afford the petitioner and the Commonwealth a hearing.

The writ of habeas corpus has been granted. Unlawful custody has been found.

I am not unmindful of the need for the federal judiciary to use judicial self-restraint in cases such as this. But even so they must not act with timidity when they feel a constitutional right has been invaded. In my opinion, the Constitution as interpreted by the United States Supreme Court has given this defendant in these circumstances a right to counsel. This right the Commonwealth of Pennsylvania has denied him. Substantial justice does not allow me to reopen this case after a fair hearing.

■ The one matter that causes me some concern in this motion is whether indirectly it involves a question of juris-

diction. Jurisdiction, of course, cannot be stipulated. It can be raised at any time and should be even on the court's own motion. But the question of exhaustion of state remedies is not the usual clear cut question of jurisdiction. Exceptional circumstances can in one case give the inferior United States Court jurisdiction where on an apparently analogous set of circumstances it would and should be refused. Even if the new position of the Commonwealth should be true and apparently exhaustive research uncovered this hitherto unknown procedure to the District Attorney's Office, it nevertheless remains true that at the time that petitioner made his effort to appeal that the $12 filing fee was demanded. The Commonwealth felt then and at the time of the hearing a mandatory fee was necessary. I realize that the sovereign is not bound by its agents' remarks; that estoppel may not apply here. By this I am not inferring any lack of learning of the Commonwealth Attorney. On the contrary, he is extremely well versed in habeas corpus procedures. He convincingly and ably set forth the state's position. And this includes the legal position that in this case the $12 filing fee was mandatory. Certainly this Court, even assuming arguendo that an unknown path was open to petitioner, was not under the duty to explore every musty tome in an endeavor to prove the state representative had not presented what apparently was the clearly accepted law of Pennsylvania. Nor was the petitioner Woods under such a duty. The exceptional circumstances required to be found by the district court were present.

"There comes a point where federal judges in discharge of their present statutory duty are obliged to give a hearing to a convicted state prisoner petitioning for a writ of habeas corpus, however delicate and distasteful the performance of this duty may be—otherwise the petitioner may justifiably have the impression that he is being treated to a grand 'run-around' between the state and federal courts." Robbins v. Green, 1 Cir., 1954, 218 F.2d 192, 195.

We think such a point has been reached here.

The Commonwealth had ample opportunity to present its case. It had its day in court. The litigation must end somewhere and no good reason has been shown to this Court as to why a re-hearing should be granted. Therefore, its petition for re-hearing for leave to file an amended answer should be and hereby is denied.