**Erwin Allison SHOOK, Appellant,**

v.

**STATE OF OHIO, and David C. Jenkins, Judge, and Thomas A. Beil, Prosecutor, et al., Appellees.**

**No. 13915.**

United States Court of Appeals
Sixth Circuit.

Feb. 4, 1960.

854

Erwin A. Shook, pro se.

Thomas A. Beil, Pros. Atty., Loren E. Van Brocklin, Asst. Pros. Atty., Youngstown, Ohio, for appellees.

Before McALLISTER, Chief Judge, MILLER, Circuit Judge, and BROOKS, District Judge.

McALLISTER, Chief Judge.

Appellant filed a petition for a writ of habeas corpus in the District Court in which he set forth that the Grand Jury of Mahoning County, Ohio, had returned two indictments against him; that he had entered a plea of guilty to the charges in the first indictment, and had been sentenced to prison, being committed to the Ohio State Penitentiary on the charge in that indictment; and that no proceedings had ever been taken as to trial on the second indictment. But he alleged that the prosecuting official in charge had placed a warrant in the hands of the warden of the penitentiary to which he was committed, to be served at a future time for a further prosecution.

Since appellant has been confined in the penitentiary, he has sought to bring about his trial on the charges against him, as set forth in the second indictment, to which he pleaded not guilty. With this objective, he filed in the Court of Common Pleas of Mahoning County a motion to quash the second indictment on the ground that he was being denied a right to a speedy trial which was guaranteed to him under the provisions of the Constitution of the State of Ohio. The Court of Common Pleas denied appellant's motion to quash and upon denial thereof, appellant filed a petition for a writ of mandamus in the Court of Appeals of the Seventh Ohio Appellate District Court. The Court of Appeals dismissed appellant's petition for a writ of mandamus, without prejudice, because of appellant's failure to cause summons to be issued. Upon dismissal of the writ of mandamus by the Ohio Court of Appeals, appellant sought leave to appeal to the Supreme Court of Ohio, which refused to docket the petition for leave to appeal, because of appellant's failure to pay the docket fee, which is the practice of that court, even in the case of paupers. Thereupon, appellant filed his petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, Eastern Division. In the petition, which is ten pages in length, it is nowhere alleged that appellant is unlawfully restrained of his liberty. The obvious reason for the failure to make such allegation is that he is presently serving a lawful sentence on his plea of guilty to the charge in the first indictment. Appellant does not question the proceedings in that case, the validity of his plea, the legality of the sentence, or his present confinement for the crime of an admitted rape upon a woman, which occurred after he had forced his way into his victim's home.

Appellant claims that the State of Ohio is unlawfully delaying trial on the second indictment which charges him with armed robbery. He is seeking a trial on this pending indictment in the state court. He thus seeks to bring about such trial by the present petition for a writ of habeas corpus in the federal court; but makes no allegations anywhere that he is being illegally restrained and imprisoned at the present time.

The District Court dismissed appellant's petition for a writ of habeas corpus on two grounds: first, because appel-

lant had not exhausted his remedies in the state courts; and, second, because he was not seeking release from unlawful imprisonment, or unlawful restraint of his liberty.

As to the first ground, the District Court held that the inability of appellant to comply with the Ohio Supreme Court rules does not operate to give a Federal District Court jurisdiction of a petition for a writ of habeas corpus; that before a state prisoner may be permitted to file a petition for a writ of habeas corpus in a Federal District Court, it must appear that, following denial by the Ohio Supreme Court, the petitioner has applied for, and has been denied, certiorari to the United States Supreme Court, from the state court's denial of his petition for leave to appeal. Unless a prisoner has followed such procedure, the District Court held, he had not exhausted his remedies in the state courts, and a Federal District Court would not have jurisdiction of a petition for a writ of habeas corpus arising out of such proceedings. In its decision in this regard, the District Court relied upon Ex parte Hawk, 321 U.S. 114, 116, 118, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 208–217, 70 S.Ct. 587, 94 L.Ed. 761; Rowan v. People, 6 Cir., 147 F.2d 138; and McCrea v. Jackson, 6 Cir., 148 F.2d 193.

■ Since the decision of the District Court in the instant case, the United States Supreme Court has held that denial of a petition for leave to appeal on the ground that a docket fee in the Ohio Supreme Court has not been paid by an indigent appellant is in violation of the due process and equal protection clauses of the Fourteenth Amendment. Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209. It was said in the opinion of the Supreme Court that it was confident that the State of Ohio would provide corrective rules to meet the problem which the case laid bare. But if such corrective rules were not provided, it would seem that an indigent prisoner, who was unable to pay a docket fee for the filing of a petition for leave to appeal

to the Supreme Court of Ohio, would have then exhausted his remedies in the state courts, and would, accordingly, be authorized to file a petition for a writ of habeas corpus in the Federal District Court. Some nine years ago, in Dolan v. Alvis, 186 F.2d 586, 587, this court held, in a case involving a conviction in the state courts of Ohio: "If a prisoner is without funds or unable to obtain them, and may not present his case on appeal to a state court or file a petition for a writ of habeas corpus without prepayment of fees that he is unable to make, he would not be precluded from filing a petition for a writ of habeas corpus in a federal court on the ground that he has not exhausted his remedies in the state courts, for in such a case, he must be held to have exhausted such remedies." We are of the opinion that the rule above announced in the Dolan case would be applicable in the case of a prisoner seeking release from unlawful imprisonment, and that he could properly file a petition for a writ of habeas corpus in a Federal District Court, if the Supreme Court of Ohio had denied him the right to file a petition for leave to appeal because of failure to pay a docket fee, which he could not pay on account of his indigence.

Whatever the impact of Burns v. Ohio, supra, on the case of an indigent prisoner seeking to file a petition for leave to appeal to the Ohio Supreme Court upon denial of a petition for a writ of habeas corpus, and meeting with refusal of that court to permit the filing of such petition for leave to appeal because of failure to pay the docket fee, we are not faced with such a case here.

■ In the controversy before us, the prisoner seeks a writ of habeas corpus in a Federal District Court while he is, admittedly, serving a lawful sentence of imprisonment. He does not allege that he is illegally restrained and imprisoned. His only objective in resorting to a petition for a writ of habeas corpus is to secure a trial on another indictment charging him with armed robbery. Habeas corpus is not a proper proceed-

ing for such a purpose. The Great Writ is available to prisoners who are unlawfully restrained of their liberty but not to those who are serving a lawful sentence of imprisonment. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. See also Macomber v. Hudspeth, 10 Cir., 115 F.2d 114; Dunlap v. Swope, 9 Cir., 103 F.2d 19.

Appellee quite properly points out that appellant's relief, if any, may be by way of mandamus in the state courts. As heretofore stated, appellant had filed a petition for a writ of mandamus in the Ohio Court of Appeals, but after it was dismissed without prejudice—because of his failure to cause summons to be issued—he never refiled the petition.

In granting the certificate of probable cause and right to proceed in forma pauperis, Judge Jones, in his opinion dismissing appellant's petition for the writ of habeas corpus in the District Court, said:

"The relief sought in a habeas corpus proceeding is release from incarceration on the ground that the petitioner is unlawfully imprisoned by the judgment of the State court. The petitioner here seeks no such remedy, he is not unlawfully imprisoned, he is under a sentence of imprisonment as to which there is no illegality charged. What he seeks is a trial under another pending indictment in Mahoning County, or a dismissal of the same. His only relief or remedy, if he has one, lies in a mandamus action *in the State court* to require the Mahoning County authorities to act, by proceeding with a trial under the pending indictment, or its dismissal. The real remedy and relief sought by the petitioner is under the Constitution and laws of the State of Ohio. It is my opinion that no substantial federal question is presented in this proceeding and that the jurisdiction of this court cannot be invoked under the circumstances relied upon by the petitioner."

With the view as above expressed by Judge Jones, we concur. The order of the District Court dismissing the petition for the writ of habeas corpus is, accordingly, affirmed.